**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:11-CR-20613-GAYLES**

**UNITED STATES OF AMERICA**

**v.**

**REGINALD MITCHELL,**

    **Defendant.**

_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Defendant Reginald Mitchell's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"). [ECF No. 521]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, Defendant's Motion is denied.

## **BACKGROUND**

Defendant is a 41-year-old male incarcerated at the Coleman Low Federal Correctional Institution ("FCI Coleman") with a projected release date of March 14, 2037.[1] On September 6, 2012, Defendant pled guilty to: (1) conspiracy to commit robbery, in violation of 18 U.S.C. § 1951; (2) interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a); and (3) use of a firearm during and in relation to a crime of violence resulting in murder, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1). Defendant's charges were based on his participation in a conspiracy to commit an armed robbery of a Brinks truck courier. Notably, Defendant helped plan the robbery and provided the firearm that was used to kill the courier. *See* [PSR ¶¶ 16, 17].

---

[1] *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc (last accessed on March 5, 2026).

On May 2, 2013, United States District Judge James Lawrence King sentenced Defendant to 20 years' imprisonment as to Counts 1 and 2, to run concurrent with each other, followed by a 10 year consecutive sentence for Count 3. [ECF No. 355].[2]

On June 3, 2025, Defendant filed a compassionate release request with the Warden at FCI Coleman. The Warden denied the request on June 10, 2025. Defendant now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that (1) intervening changes in the law, (2) hardship endured during the COVID-19 pandemic, and (3) his rehabilitation constitute extraordinary and compelling reasons for release.

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018). If administrative requirements are satisfied, courts must find that the factors outlined in 18 U.S.C. § 3553(a) support release and that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). Courts must also find

---

[2] Defendant's guideline imprisonment term was life imprisonment. *See* [PSR ¶ 75]. However, Judge King granted the Government's 5K1.1 Motion to Reduce Sentence, [ECF No. 310], resulting in the lower sentence.

2

that the defendant is "not a danger to the safety of any other person or to the community. . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, to grant relief, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies; (2) the § 3553(a) factors support Defendant's compassionate release; (3) extraordinary and compelling reasons warrant Defendant's request; and (4) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

It is undisputed that Defendant exhausted his administrative remedies prior to filing the Motion. Defendant's Motion, however, fails on the merits because (1) the § 3553(a) factors do not support release, (2) he remains a danger to the safety of other persons or the community, and (3) he has not shown extraordinary and compelling reasons warranting release.

### A.  Section 3553(a) Factors

The Court finds that the Section 3553(a) factors do not support Defendant's release. Section 3553(a) requires a sentence "sufficient, but not greater than necessary . . . ." 18 U.S.C. §3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public"; (3) "the kinds of sentences available"; (4) "the sentencing range"; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities"; and (7) "the need to provide restitution to any victims . . . ." *Id.*

3

Defendant's convictions are based on his active participation in a conspiracy to commit an armed robbery which resulted in a death. Defendant planned the robbery with co-defendant Uri Ammar; enlisted his cousin, girlfriend, and friend to carry out the robbery; and provided the firearm that was used to kill the Brinks courier. Considering the § 3553(a) factors at sentencing, Judge King concluded that a total sentence of 30 years' imprisonment was appropriate based on Defendant's actions. Defendant has not provided new and convincing evidence supporting a modification to that sentence. *See United States v. Post*, No. 9:15-CR-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (holding sentence reduction not warranted in light of § 3553(a) factors where "much of the information that [defendant] provide[d] in his Motion was before the court at the time of his sentencing" and the imposed sentence was appropriate). Therefore, the § 3553(a) factors do not support granting the Motion.

### B. Danger to the Community

The Court also finds that Defendant still poses "a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(B)(2). In making this determination, this Court has considered (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics" of Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).

Importantly, Defendant was not a passive participant in the armed robbery. Rather, he played an organizing role, recruited others to join the scheme, and supplied the firearm that was used to kill the courier. The offense was violent and fatal. While the Defendant has made some rehabilitative efforts, they do not overcome the significance of the Defendant's criminal conduct.

Based on this record, the Court finds that Defendant remains a danger to the community such that compassionate release is not warranted.

### C. Extraordinary and Compelling Reasons

Defendant also fails to present extraordinary and compelling reasons for reducing his sentence. First, Defendant's conditions of confinement may not serve as a basis for compassionate release, as prison conditions are not one of the categories of extraordinary and compelling circumstances the Sentencing Commission has determined may support a reduced sentence. *See United States v. Magluta*, No. 21-13477, 2023 WL 4241281, at *4 (11th Cir. June 29, 2023) ("But as the district court correctly held, § 3582(c)(1)(A)(i) does not authorize an inmate's release based on the conditions of his confinement or the fact that those conditions are unfair."). Second, Defendant's rehabilitation, standing alone, does not constitute an extraordinary and compelling reason for compassionate release. *See United States v. Guyton*, 859 F. App'x. 435, 437 (11th Cir. 2021). Finally, because the § 3553 factors do not support Defendant's compassionate release and he remains a danger to the community, the Court need not consider whether an intervening change in the law has produced a gross disparity between Defendant's sentence and the sentence he would receive today.[3]

### CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

---

[3] The Government contends that the Sentencing Commission exceeded its authority in promulgating U.S.S.G. § 1B1.13(b)(6) which allows, in certain circumstances, a nonretroactive change in the law to constitute an extraordinary and compelling reasons for a sentence reduction. This issue is currently pending before the Supreme Court in *Carter v. United States,* No. 24-860, 2025 WL 1603599 (U.S. Jun 6, 2025) and *Rutherford v. United States,* No. 24-820, 2025 WL 1603603 (U.S. June 6, 2025).

1. Defendant Reginald Mitchell's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), [ECF No. 521], is **DENIED**.

2. The Government's Motion for Stay, [ECF No. 523], Defendant's Motion for Appointment of Counsel, [ECF No. 524], and Defendant's Request for Clarification, [ECF No. 526], are **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of March, 2026.

 

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE